On March 6, 1941, the plaintiff, Abbie Barnes, instituted this suit against the defendant insurance company to recover the sum of $135 representing the face amount of a certain industrial insurance policy issued by the defendant on the life of one Sam Johnson, who died on January 28, 1934. Plaintiff alleges that this policy was issued by the defendant previous to July 30, 1928, and bore the number 922172; that she has neither the policy nor the premium receipt book in her possession, but that the defendant has a complete record of the same and that, if the defendant produces the policy, it will be shown that it is either in full force and effect or that, in the event it has lapsed for nonpayment of premiums, the accumulated reserve thereon is sufficient to have carried the insurance from the date of its lapse to the date of the insured's death.
The defendant, in its answer, admitted that, on June 25, 1928, it issued policy number 922172 on the life of Johnson. It, however, denied any and all responsibility to plaintiff maintaining that the policy lapsed many years before the insured's death and that, at the time of its lapse, no reserve had been accumulated which could be applied to extended insurance. It further asserted that it does not have a record of the policy in its possession for the reason that the policy lapsed prior to January 14, 1929, when it rewrote its register, and that all documents pertaining to it were destroyed after a period of five years from the date of lapse in accordance with the custom of the company.
After a trial of the case in the First City Court, there was judgment in favor of the defendant and plaintiff's suit was dismissed. Plaintiff has appealed.
An examination of the record in the case reveals that there is no merit whatsoever in plaintiff's claim and we regard her appeal to be frivolous. The only evidence produced by plaintiff is her own testimony to the effect that she and the insured lived in the same house in 1928, when the policy was issued, and that she paid premiums on the policy for some length of time. She is not related to the insured and she has neither the policy nor the premium receipt book in her possession. Obviously, this testimony is wholly insufficient to show that *Page 739 
the policy was in force at the time of the insured's death or that, if it had lapsed, it had accumulated a reserve which could be applied to extended insurance.
The defendant's evidence is that it writes thousands of policies of the type herein sued upon; that it is its custom, after these policies have lapsed, to destroy the records of such policies after a period of five years; that the policy sued upon must have lapsed prior to January 14, 1929, or less than a year from the date of its issuance, because, on that date, it made up a new register of its life insurance business, which register included all policies previously issued which were in force at that time, and that the policy sued on does not appear on the register.
It is clear that it was plaintiff's duty to prove with reasonable certainty not only the issuance of the policy but (since she practically concedes in her testimony that it had lapsed) that the premiums were paid thereon for a sufficient time to entitle the insured to extended insurance. In this she has failed.
The judgment appealed from is affirmed.
Affirmed. *Page 815